UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H. HEARN,<br><br>　　　　　Petitioner,<br>v.<br><br>GEORGE NEOTTI, Warden,<br><br>　　　　　Respondent. | Civil No. 11-0134-JLS(WVG)<br><br>REPORT AND RECOMMENDATION:<br><br>GRANTING RESPONDENT'S MOTION TO DISMISS (DOC . # 7)<br><br>DENYING PETITIONER'S MOTION TO STAY AND ABEY (DOC. # 10) |

I

PROCEDURAL BACKGROUND

On January 21, 2011, Petitioner William H. Hearn (hereafter "Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereafter "Petition"). Respondent George Neotti (hereafter "Respondent") has made a Motion to Dismiss the Petition, contending that the claims contained in the Petition are unexhausted because Petitioner failed to present his claims to the California Supreme Court.

On February 8, 2011, this Court issued a Notice Regarding Possible Failure to Exhaust and One-Year Statute of Limitations. In

1 | that Notice, the Court informed Petitioner that his claims may be
2 | unexhausted in the California courts.
3 |      On March 25, 2011, Respondent filed a Motion to Dismiss the
4 | Petition Because The Petition Contains Unexhausted Claims. Respon-
5 | dent's Motion notifies Petitioner and the Court that none of the
6 | claims presented in the Petition have been exhausted in the
7 | California courts. Petitioner did not file an Opposition to the
8 | Motion to Dismiss.
9 |      On June 16, 2011, Petitioner filed a document entitled
10 | "Waiver of Exhaustion Allowing Federal Claim To Be Heard Without
11 | Prior Hearing." In this document, Petitioner requests that "the
12 | United States District Court dismiss his Petition (sic) without
13 | prejudice of the current federal action and going to state court to
14 | exhaust all unexhausted claims... Petitioner requests (sic) an issue
15 | of Stay and Abeyance... in order that he will not be barred under
16 | the one-year statute of limitations pursuant to 28 U.S.C. § 2254."
17 | The Court construes the document as a Motion to Stay and Abey the
18 | Petition. On July 12, 2011, Respondent filed an Opposition to the
19 | Motion to Stay and Abey.
20 |      The Court, having reviewed the Petition, Motion to Dismiss,
21 | Motion to Stay and Abey and the Opposition to the Motion to Stay and
22 | Abey, HEREBY RECOMMENDS that Respondent'S Motion to Dismiss be
23 | GRANTED and Petitioner's Motion to Stay and Abey be DENIED.
24
25
26
27
28

## II

## PETITIONER'S CLAIMS ARE UNEXHAUSTED

### A. Petitioner's Claims

The Petition before the Court states the following claims:

(1)(a) Trial counsel was ineffective because he failed to properly advise Petitioner to waive a jury trial on the issue of his prior convictions;

(1)(b) Appellate counsel was ineffective for his failure argue that Petitioner received ineffective assistance of counsel at trial;

(2) Petitioner's due process rights were violated because he was not adequately advised of the consequences of waiving a jury trial and admitting more than one prior strike conviction; and

(3) The trial court abused its discretion when it used his prior convictions to enhance his sentence.

None of these claims have been presented to the California Supreme Court. (Respondent's Lodgment No. 13).[1][2]

---

[1] The Court notes that Petitioner appealed his conviction and sentence in the California Court of Appeal. (Respondent's Lodgment No. 1) Petitioner also filed a Petition for Writ of Habeas Corpus in the San Diego Superior Court (Respondent's Lodgment No. 5). On September 28, 2009, the Superior Court denied the Petition. (Respondent's Lodgment No. 6). Thereafter, Petitioner filed three Petitions for Writ of Habeas Corpus in the California Court of Appeal. (Respondent's Lodgments Nos. 7, 9, 11). The Court of Appeal denied each of the Petitions for Writ of Habeas Corpus. (Respondent's Lodgments Nos. 8, 10, 12).

[2] The Petition states that Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court, bearing case numbers hc 19671 and scd 205388. (Petition at 4). However, these case numbers refer to Petitions for Writ of Habeas Corpus that Petitioner filed in the Superior Court. Petitioner also states that the Petitions bearing these case numbers were denied on September 28, 2009. However, the September 28, 2009 Order is the Superior Court's Order Denying Petitioner's Petition for Writ of Habeas Corpus. (Respondent's Lodgment No. 6). Further, Respondent states that he has performed a search on the California Court of Appeal's website and found no record of Petitioner having filed a petition for writ of habeas corpus in the California Supreme Court. (Respondent's Motion to Dismiss at 3, fn. 1)

B. <u>Exhaustion</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(b)(1)(A), provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." <u>Kellotat v. Cupp</u>, 719 F.2d 1027, 1029 (9th Cir. 1983); <u>see</u> <u>Duncan v. Henry</u>, 513 U.S. 364 (1995).

The exhaustion requirement is satisfied when the substance of a petitioner's federal claim has been fairly presented to the state's highest court. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996); <u>Bland v. California Dep't of Corrections</u>, 20 F.3d 1469, 1473 (9th Cir. 1994), <u>cert. denied</u>, 513 U.S. 947 (1994), overruled on other grounds in <u>Schell v. Witek</u>, 218 F.3d 1017 (9th Cir. 2000). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. <u>Bland</u>, 20 F.3d at 1473; see <u>Johnson</u>, 88 F.3d at 830.

Exhaustion is satisfied by filing a petition for review before the California Supreme Court. <u>Roman v. Estelle</u>, 917 F.2d 1505, 1506 (9th Cir. 1990).

Here, it is clear that Petitioner has failed to exhaust his available state court remedies because he failed to present his claims to the California Supreme Court. As a result, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED and the

1 | Petition be dismissed without prejudice to Petitioner's refiling in
2 | the future a petition which contains only exhausted claims.

### III

### PETITIONER'S MOTION TO STAY AND ABEY

Petitioner seeks to stay and abey his Petition so that he can exhaust his claims in the California courts. Respondent opposes Petitioner's request because all of the claims in the Petition are unexhausted.

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1533 (2005), the U.S. Supreme Court noted that AEDPA changed many aspects of federal habeas corpus proceedings, including the application of the one-year statute of limitations for bringing a habeas corpus petition in federal court, which is set forth in 28 U.S.C. §2244(d). In Rhines, the Supreme Court recognized petitioners can effectively be denied the opportunity for collateral review in federal court "(a)s a result of the interplay between AEDPA's 1-year statute of limitations and [Rose v.] Lundy's dismissal requirement." Rhines, 125 S.Ct. at 1533-1534. Therefore, the Rhines court held that federal courts have discretion to stay *mixed* petitions and to hold habeas proceedings in abeyance while the petitioner returns to state court to exhaust all claims. Id. at 1534-1535.

The Rhines court identified "mixed petitions" as those petitions that contain "some claims that have been exhausted in the state courts and some that have not (been exhausted in the state courts.)" Id. at 1531, 1533.

The Rhines court also held that stay and abeyance "should be available only in limited circumstances." Id. at 1535. If employed too often, the procedure could undermine the purposes of AEDPA,

namely, to reduce delay and streamline federal habeas corpus proceedings. Id. at 1535. In this regard, the Supreme Court stated "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a *mixed* petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. (emphasis added).

A petition that has only unexhausted claims must be dismissed without prejudice. A petitioner's motion to stay and abey a petition that contains only unexhausted claims must be denied. Cervantes v. Jacquez, 2011 WL 38978 at *1 (E.D. Cal. 2011), citing 28 U.S.C. §2254(b)(1), and Rhines.

Here, as previously noted, all of the claims in the Petition are unexhausted. Since the stay and abeyance procedure is only authorized for petitions that contain exhausted *and* unexhausted claims, stay and abeyance of the Petition is not available. Moreover, even if the stay and abeyance procedure was available, Petitioner has failed to show good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and that he did not engage in intentionally dilatory litigation tactics. As a result, the Court RECOMMENDS that Petitioner's Motion to Stay and Abey be DENIED.

IV

CONCLUSION AND RECOMMENDATION

After a review of the record in this matter, the undersigned Magistrate Judge RECOMMENDS that Respondent's Motion to Dismiss the Petition be GRANTED, the Petition be dismissed without prejudice to

1  Petitioner's refiling in the future a petition which contains only
2  exhausted claims, and that Petitioner's Motion to Stay and Abey be
3  DENIED.
4       This Report and Recommendation of the undersigned Magistrate
5  Judge is submitted to the United States District Judge assigned to
6  this case, pursuant to the provision of 28 U.S.C. Section 636(b)(1).
7       **IT IS ORDERED** that no later than <u>August 12, 2011</u>, any party
8  to this action may file written objections with the Court and serve
9  a copy on all parties.  The document should be captioned "Objections
10 to Report and Recommendation."
11      **IT IS FURTHER ORDERED** that any reply to the objections shall
12 be filed with the Court and served on all parties no later than
13 <u>September 2, 2011</u>.  The parties are advised that failure to file
14 objections within the specified time may waive the right to raise
15 those objections on appeal of the Court's order.  <u>Martinez v. Ylst</u>,
16 951 F.2d 1153 (9th Cir. 1991).

18 DATED:  July 13, 2011

                                  _____
                                  Hon. William V. Gallo
                                  U.S. Magistrate Judge