# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H. HEARN,<br><br>　　　　　　　Petitioner,<br><br>　vs.<br><br><br>GEORGE NEOTTI,<br><br>　　　　　　　Respondent. | CASE NO. 11-CV-134 JLS (WVG)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION;**<br>**(2) GRANTING RESPONDENT'S MOTION TO DISMISS;**<br>**(3) DENYING PETITIONER'S MOTION TO STAY AND ABEY; AND (4) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 7, 10, 12) |

　　　　Presently before the Court is Petitioner William H. Hearn's petition for writ of habeas corpus. (ECF No. 1.) Also before the Court are (1) Respondent George Neotti's motion to dismiss (ECF No. 7); (2) Petitioner's "waiver of exhaustion allowing federal claim to be heard without prior hearing" (Stay Mot., ECF No. 10), which the Court construes as a motion to stay and abey the petition (*see* R&R 2, ECF No. 12); and (3) Magistrate Judge William V. Gallo's report and recommendation advising the Court to grant Respondent's motion and deny Petitioner's (R&R).

　　　　Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980);

1  *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  However, in the absence of timely
2  objection, the Court "need only satisfy itself that there is no clear error on the face of the record in
3  order to accept the report and recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing
4  *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-*
5  *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)("[T]he district judge must review the magistrate judge's
6  findings and recommendations de novo *if objection is made*, but not otherwise.").

7  Here, Petitioner failed to timely object to Magistrate Judge Gallo's report and
8  recommendation.  (*See* R&R 7 (ordering parties to file objections "no later than August 12, 2011").)
9  Having reviewed the report and recommendation, the Court finds that it is thorough, well reasoned,
10 and contains no clear error.  Accordingly, the Court (1) **ADOPTS** Magistrate Judge Gallo's report and
11 recommendation, (2) **GRANTS** Respondent's motion to dismiss, (3) **DISMISSES** the petition
12 **WITHOUT PREJUDICE** to Petitioner's refiling another petition containing only unexhausted
13 claims, and (4) **DENIES** Petitioner's motion to stay and abey.

14 The Court is obliged to determine whether a certificate of appealability should issue in this
15 matter.  *See* Fed. R. App. P. 22(b).  A certificate of appealability is authorized "if the applicant has
16 made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A
17 petitioner satisfies this standard by showing that "reasonable jurists" would debate the Court's
18 assessment of the constitutional claims.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Where, as
19 here, the petition is dismissed on procedural grounds, a certificate of appealability "should issue when
20 the petitioner shows, at least, [1] that jurists of reason would find it debatable whether the petition
21 states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it
22 debatable whether the district court was correct in its procedural ruling."  *Id.*

23 Here, Petitioner has not shown that reasonable jurists would debate the propriety of the Court's
24 procedural rulings.  Specifically, Petitioner does not dispute that his petition contains only
25 unexhausted claims and is therefore subject to dismissal.  (*See* Stay Mot. 2; *Chambers v. McDaniel*,
26 549 F.3d 1191, 1195 (9th Cir. 2008) ("A state prisoner must exhaust a federal constitutional claim in
27 state court before a federal court may consider a claim." (citing 28 U.S.C. § 2254(b)(1)(A), (c))).)
28 And the law is clear that stay and abeyance is "available only in limited circumstances," like when the

petition contains some claims that have been exhausted in state court and others that have not. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Where, as here, the petition contains only unexhausted claims, stay and abeyance is not appropriate. *See, e.g.*, *Cervantez v. Jacquez*, 2011 WL 38978, at *1 (E.D. Cal. Jan. 5, 2011) (citing, *inter alia*, *Rhines*, 544 U.S. 269). Accordingly, the Court **DENIES** a certificate of appealability.

This Order concludes the litigation in this matter. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: August 29, 2011

Honorable Janis L. Sammartino
United States District Judge